## STATE v. EZEKIEL.

1. The rule stated under which comparison of handwriting may be resorted to to prove a forgery.
2. Where other papers alleged to be in the handwriting of a prisoner on trial for forgery and for uttering a forged bill of exchange, are neither admitted, acknowledged, nor established by any affirmative testimony, to have been in the handwriting of the accused, they are not properly receivable in evidence to be the means of comparison with the forged paper.
3. A conviction of defendant upon the charge only of uttering a forged bill, does not render the error of improperly admitting a comparison of handwriting a harmless one, it not appearing that there was other evidence of the forgery.

Before HUDSON, J., Beaufort, February, 1890.

This was an indictment against Arthur Ezekiel for forgery and uttering a forged paper. The opinion states the case.

*Messrs. S. J. Lee* and *Miller & Washington*, for appellant.

*Mr. Murphy*, solicitor, contra.

June 19, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appellant was put upon trial in Beaufort County under an indictment with two counts,

the first charging him with forging a certain bill of exchange purporting to have been drawn by Geo. W. Williams, jr., for $388.15, payable to one J. D. Von Lehe or order, and the other charging him with uttering and publishing the same as true, &c., &c. He was convicted on the second count. At the trial two certain papers alleged to be in the handwriting of the accused were put in evidence over the accused's objections, but, as stated, "he not denying the same," and a comparison was allowed between the papers and the alleged forged instrument. Now, the question in the appeal is, whether his honor erred in permitting the introduction of these papers and the comparison made.

This court, in the cases of *Benedict, Hall & Co.* v. *Flanigan* (18 S. C., 508), and *Graham* v. *Nesmith* (24 *Id.*, 296), has recently discussed this question, citing the previous cases of the old court on this subject; so that for our conclusion here we need only refer to said cases. The rule established in these cases was, that while comparison of handwriting is inadmissible as an original means of ascertaining the genuineness of a signature or other writing, yet it may be admitted in this State in aid of doubtful proof. Further, that the trial judge had to decide in the first instance whether sufficient doubt had been raised to authorize the comparison, subject, however, to review on appeal. And further, that the witnesses making the comparison need not be technical experts. The papers, however, by which the comparison is to be made must be either admitted, acknowledged, or otherwise proved to be in the handwriting of the accused. Now, in the record or "Case," it is stated that the comparison here was permitted in aid of doubtful proof. How far the proof was doubtful does not appear, as no evidence on that subject is given; such being the fact, we have no means of determining whether or not his honor erred on that ground. We therefore pass that by.

The main question, however, in fact, the only one raised by appellant's exception, is whether his honor erred in permitting the comparison, in view of the fact that the papers admitted for the comparison were not established to be in the handwriting of the accused. It is stated in the "Case," in reference to the first offence, that it was put in evidence over the defendant's objec-

tion, he not denying it. As to the second paper, it is stated that it was put in evidence over defendant's objection—nothing more. It does not appear, therefore, that either of these papers (and there were but these two offered) was admitted, acknowledged, or established by any affirmative testimony to have been in the handwriting of the accused; and as to the second, it is not even stated that the accused did not deny it. We do not think that either of these papers were sufficiently established to be the means of a comparison. At least, such is our conclusion from the facts as they appear in the "Case," upon which this appeal is before us.

It is said, however—admit this, yet inasmuch as the accused was convicted upon the second count only, the error, if it be an error, was a harmless one. We are not satisfied of this. Before the jury could convict even upon the second count, they had to be satisfied that the paper in question was a forged paper, and we cannot say how far the comparison may have affected that question. It does not appear in the "Case" that any testimony was introduced tending to show that the paper in question was a forged instrument, other than the comparison objected to. It is true that the solicitor states in his argument that testimony was introduced to show the guilt of the defendant of the charge contained in the second count; but what the character of this evidence was, or how far it may not have been aided by the said comparison, is not stated, even if we could consider a statement made in the argument which does not appear in the "Case," which we have frequently held could not be done.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.